Argued November 26, 1973, remanded January 7, 1974

GETTINGS ET AL, *Appellants,* SWISHER ET AL, *Plaintiffs, v.* CITY OF ELGIN ET AL, *Respondents.*

517 P2d 686

*R. T. Gooding,* La Grande, argued the cause for appellants. On the briefs were Carey & Gooding and Gary J. Susak, La Grande.

*Warner V. Wasley,* La Grande, argued the cause for respondents. With him on the brief were Helm, Wasley & Monce, La Grande.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

FOLEY, J.

Plaintiffs, on behalf of themselves and all other taxpayers of the City of Elgin, filed a complaint for a declaratory judgment on the validity of certain promissory notes executed by the individual defendants acting as councilmen for the City of Elgin and purporting to bind the city. The notes were used to borrow money from the First State Bank of Elgin and the funds obtained by the defendants were used to provide interim financing for a community center in Elgin while the officials were awaiting federal grants and private pledges to pay for the construction. No state or local tax money was used in the construction of the facility. At the time of trial one note remained unpaid.

In their request for relief the plaintiffs asked the court to declare that the promissory notes were *ultra vires* acts of the city and that the defendant-bank thus had no recourse against the city. The plaintiffs also requested the award of attorneys' fees. The trial court decreed that the remaining note was not the obligation of the city and that it was not to be repaid from tax and general revenue money. However, the court denied the claim for attorneys' fees on the ground that it

was without authority to allow them since no fund was in existence. The sole issue of merit in the plaintiffs' appeal relates to the denial of these fees.

■ The general policy in Oregon is that attorneys' fees will not be allowed unless expressly authorized by statute or contract. *Hughes v. Bembry*, 256 Or 172, 177-78, 470 P2d 151 (1970). However, a court of equity is authorized to award fees in certain limited situations, absent a statute or contract, where there is a representative or derivative suit brought for the benefit of an entire organization or where there are circumstances in which equitable relief would be denied or severely inhibited unless a prevailing plaintiff is awarded attorneys' fees; the existence of a fund or pecuniary benefit to the organization is not required. *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 135, 142, 384 P2d 136, 390 P2d 320 (1963), *cert denied* 376 US 963, 84 S Ct 1125, 11 L Ed 2d 981 (1964).

■ ■ Since *Gilbert* provides that attorneys' fees may be allowed by a court of equity in certain circumstances, the next question is whether the declaratory judgment complaint here is equitable or legal in nature. The declaratory judgment statute, ORS 28.010 et seq., is procedural and such actions may be either legal or equitable depending on the essential nature of the case and the relief sought. *Mayer v. First National Bk. of Oregon*, 260 Or 119, 133, 489 P2d 385 (1971). The primary relief sought here is basically in the nature of a request for injunctive relief against the *ultra vires* acts of the municipality through its officials. As such, the cause is equitable in nature, *see Miller v. County Commissioners*, 226 Md 105, 172 A2d 867 (1961), consequently attorneys' fees are authorized by *Gilbert*.

While we hold that the trial court has authority to award fees, we express no opinion as to whether fees should be allowed in this case or if so, against whom. That determination is properly within the discretion of the trial court.

Remanded for proceedings consistent with this opinion.