On petitioners' petition for review* filed October 15, review allowed and order of the Court of Appeals affirmed December 3, 1986

JANSEN et al,
*Respondents on review,*

*v.*

ATIYEH et al,
*Defendants,*

STATE BOARD OF HIGHER EDUCATION et al,
*Petitioners on review.*

(TC 138,808; CA A38701; SC S 33142)

728 P2d 1382

Michael D. Reynolds, Assistant Attorney General, Salem, filed the petition for petitioners on review. With him on the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance contra.

GILLETTE, J.

---

*On review of the Court of Appeals order dated July 28, 1986, denying extension of time to file second amended notice of appeal.

## GILLETTE, J.

This is a case in which we are called upon to determine the time frame within which a party must file an amended notice of appeal challenging an award of attorney fees that had been made pursuant to ORS 19.033(1). The Court of Appeals held, by order, that such notice had to be filed within 30 days, as provided by ORS 19.026, and that it was without authority to waive the rule and permit a later filing. We agree.

This case began as an action by motel and hotel operators, taxi drivers and caterers in the Ashland area against the Oregon State Board of Higher Education (defendant[1]) acting by and through Southern Oregon State College. Plaintiffs alleged that defendant exceeded its statutory and constitutional authority in providing housing, food and transportation to certain Ashland area visitors. Defendant responded that none of the plaintiffs had standing to bring the action and that none of the disputed activities exceeded defendant's lawful authority. The trial court entered a declaratory decree and injunction against defendant, portions of which defendant timely appealed. Thereafter, the trial court awarded attorney fees in excess of $13,000 to plaintiffs. It is this award that gave rise to the present petition for review.

Briefly, the chronology is as follows:

(1)   The trial court entered its decree and injunction on January 3, 1986.

(2)   Defendant served its notice of appeal on January 31, 1986, within the 30-day period specified in ORS 19.026(1).

(3)   Defendant filed an amended notice of appeal, not relevant to this petition, on February 6, 1986.

(4)   The trial court entered a Supplemental Judgment allowing plaintiffs' costs, disbursements and attorney fees on April 11, 1986.

(5)   Defendant filed a motion for relief from default and an amended notice of appeal from the Supplemental

---

[1] Although many persons originally were made defendants, the State Board of Higher Education is the party against which attorney fees were awarded.

Judgment awarding attorney fees on May 21, 1986, more than 30 days after the Supplemental Judgment was entered and well more than the 14 days within which such Amended Notice of Appeal is to be filed under ORAP 2.07.

(6) The Court of Appeals denied defendant's motion for relief from default and to allow the filing of an amended notice of appeal on July 28, 1986, in an order that provided, in pertinent part:

> "[Defendants] have moved for relief from default and for an extension of time within which to file a (second) amended notice of appeal from the trial court's supplemental judgment awarding attorney fees. The motion is denied on the ground that the motion and the second amended notice of appeal tendered with it were filed more than 30 days after entry of the supplemental judgment, and the Court is without the authority to extend the time set by statute within which to file an appeal. ORS 20.220; ORS 19.026(1)."

The present petition for review of that order followed.

As everyone recognizes, the filing of a notice of appeal within 30 days of the underlying judgment or other final order is jurisdictional. ORS 19.026(1). However, neither that statute nor ORS 19.023, which provides that the notice of appeal is the vehicle by which a party starts an appeal, speak to the question of how a post-judgment action of the trial court is to be reviewed or the time frame within which review must be sought. As defendant points out, only ORS 19.033(1) speaks to this issue, at least as it relates to a post-judgment award of attorney fees and costs. That statute provides:

> "When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute. *If the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, any necessary modification of the appeal shall be*

*pursuant to rules of the appellate court.*" (Emphasis supplied.)[2]

This court and the Court of Appeals have provided for the "necessary modification of the appeal" by ORAP 2.07, which provides:

"(1) If, pursuant to ORS 19.033(1), the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, and if the appellant intends to challenge the allowance or any part thereof on appeal, the appellant, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d), shall serve and file an amended notice of appeal containing notice to all parties who have appeared, or their attorneys, that appeal is also taken from the allowance or some specified part thereof.

"(2) If, pursuant to ORS 19.033(1), the trial court refuses to allow, in whole or in part, any amount in a statement described and served in accordance with ORCP 68C.(4)(a)(i) and filed in accordance with ORCP 68C.(4)(a)(ii) after the notice of appeal has been served and filed, and if a respondent intends to challenge the refusal or any part thereof on appeal:

"(a) If that respondent has before the refusal timely served and filed notice of cross-appeal, that respondent, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d), shall serve and file an amended notice of cross-appeal containing notice to all parties who have appeared, or their attorneys, that appeal is taken from the refusal or some specified part thereof.

"(b) If that respondent has not before the refusal timely served and filed notice of cross-appeal, that respondent, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d), shall serve and file a notice of cross-appeal as if the trial court's statement were an order under ORS 19.010(2)(c)."[3]

---

[2] It is interesting to note that ORS 19.033(1) speaks only of a supplemental appeal or modification of an appeal where a court has allowed attorney fees, costs, disbursements or the like. No mention is made in the statute of circumstances in which the court has *disallowed* any such award. This is, of course, a case involving the award of attorney fees, so we are not required to address this anomaly in this case.

[3] ORAP 2.07, unlike the statute, provides both for circumstances in which attorney fees have been awarded and when they have been denied. Whether the rule properly limits itself to the circumstances contemplated by the statute is a question we need not address in this case.

We can best summarize defendant's argument this way: While a notice of appeal from a judgment must be filed within 30 days by statute, no statute specifies the time within which an *amended* notice of appeal from a *supplemental* judgment awarding attorney fees must be filed. Indeed, the very way in which a party challenges a judgment for attorney fees is not provided by statute. Rather, the issue as to the way in which the matter is to be brought to the appellate courts' attention is left to the appellate courts. ORS 19.033. The appellate courts have seen fit, by rule, to provide that such matters shall be brought to the attention of the appellate courts by an amended notice of appeal filed not more than 14 days after the entry of a supplemental order or judgment awarding attorney fees. ORAP 2.07. Because this time limit is established by rule and not by statute, defendant argues, the rule may, like any other rule, be waived in the discretion of the court. ORAP 9.25. Under defendant's theory, the matter should be remanded to the Court of Appeals for consideration of whether to allow waiver of ORAP 2.07 and permit a late filing of the amended notice of appeal.

No statute requires the 14-day time limit provided in ORAP 2.07. The question in this case is whether that time limit, or any other time limit on the filing of an amended notice of appeal, validly exists and, if such exists, whether it is jurisdictional. We are aware of no statute which specifically answers the question, although we think the answer is implicit in the two sections upon which the Court of Appeals relied, ORS 19.026(1) and 20.220. ORS 19.026(1) provides:

> "Except as provided in subsections (2) and (3) of this section [under circumstances not applicable to this case], the notice of appeal shall be served and filed within 30 days *after the entry of the judgment appealed from.*" (Emphasis supplied.)

ORS 20.220 provides:

> "*An appeal may be taken from a judgment under ORCP 68C.(4) on the allowance and taxation of attorney fees and costs and disbursements* on questions of law only, *as in other cases.* On such appeal the statement of attorney fees and costs and disbursements, the objections thereto, the judgment rendered thereon, and the exceptions, if any, shall constitute the trial court file, as defined in ORS 19.005." (Emphasis supplied.)

On its face, the emphasized language of the two statutes, when read together, defeats defendant. Defendant argues, however:

"It is apparent that ORS 20.220 was adopted to enable a party to appeal a judgment against him for attorney fees and costs, even though the party may not want to appeal from the underlying judgment. If this statute were intended to apply when a party also intends to appeal from the underlying judgment, the second sentence in the statute would not make sense. When an appeal involves the merits of the underlying judgment, the trial court file would include more than just that portion of the file pertaining to costs and attorney fees. Yet, the second sentence of the statute would limit what could be transmitted to the Court of Appeals in an appeal from the underlying judgment. Accordingly, ORS 20.220 must be construed as applying only when a party desires to appeal from a judgment for costs and attorney fees, but not from the underlying judgment. As so construed, that statute does not apply to the present appeal which does involve an appeal from the underlying judgment."

We do not agree. ORS 20.220 is equally applicable to both sets of circumstances. The second sentence of the statute is intended to cover a case in which the only subject of the appeal is the award of attorney fees or costs, but its description of the pertinent trial court file for the purposes of examining that issue, whether the issue is one of many or stands alone, is equally apt.

An award of attorney fees and costs is made a part of "the judgment" by ORCP 68C.(4). The judgment making such an award, whether labeled a "supplemental judgment," "additional judgment" or otherwise[4] is, nonetheless, a "judgment." A notice of appeal from it must be served and filed within 30 days. ORS 19.026(1); 20.220. Whatever may be the efficacy of ORAP 2.07 in setting a 14-day time limit under ORS l9.033(1), — and we are not required to decide that question, in view of the delay of over 30 days in this case — the non-waivable statutory limit is the 30-day period. The Court of Appeals recognized this in citing ORS 19.026(1), rather than ORAP 2.07, in disposing of defendant's request for a waiver of the rules.

---

[4] As, for example, labelling it a "statement," as it is called in ORCP 68C.(4).

The petition for review is allowed. The order of the Court of Appeals is affirmed.