On respondents - cross-appellants' petition for reconsideration filed November 5, on appellants - cross-respondents' petition for reconsideration filed November 12, and on respondents - cross-appellants' response filed December 1, 1987, reconsideration denied on respondents - cross-appellants' petition, on appellants - cross-respondents' petition, reconsideration granted, former opinion (87 Or App 617, 743 P2d 765) modified and adhered to as modified February 10, both petitions for review denied April 18, 1988 (305 Or 576)

## JANSEN et al,
*Respondents - Cross-Appellants,*

## ARRIENS et al,
*Plaintiffs,*

*v.*

## ATIYEH et al,
*Defendants,*

## STATE BOARD OF HIGHER EDUCATION OF THE STATE OF OREGON et al,
*Appellants - Cross-Respondents.*

### (138,808; CA A38701)

749 P2d 1230

Robert L. Ackerman, Springfield, for petition and response for respondents - cross-appellants.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Robert M. Atkinson, Assistant Attorney General, Salem.

DEITS, J.

## DEITS, J.

Respondents - cross-appellants and appellants - cross-respondents (Board) separately petition for reconsideration of our decision. 87 Or App 617, 743 P2d 765 (1987). ORAP 10.10. We deny respondents - cross-appellants' petition and grant the Board's petition. We modify our former opinion.

The Board assigns as error our affirmance of the award of attorney fees to plaintiff. The pertinent language of the opinion is:

"The Board also appeals the court's award of costs, disbursements and attorney fees to plaintiff. On April 11, 1986, the court entered a supplemental judgment allowing those. On May 21, 1986, the Board filed a motion for relief from default, which we denied on July 28, 1986. Because the Board's motion was filed more than 30 days after entry of the supplemental judgment, and we are without authority to extend the time set by statute within which to file an appeal, ORS 19.026(1); ORS 20.220, we are precluded from considering the issue, and to that extent the judgment must be affirmed. *Jansen v. Atiyeh,* 302 Or 314, 728 P2d 1382 (1986)." 87 Or App at 619 n 4.

The Board presents alternative arguments. First, it argues that the result of its failure to perfect its appeal from the supplemental judgment awarding attorney fees was to deprive this court of jurisdiction and that, therefore, the court was precluded from taking any action on the claim. Alternatively, it argues that this court had authority to address the attorney fees issue as a part of the judgment on the merits and that, in view of the court's disposition on the merits, the award should be reversed.

We conclude that, because of the defective appeal of the supplemental judgment awarding attorney fees, *Jansen v. Atiyeh, supra,* 302 Or 314, that issue was never before this court and, thus, that it was improper to affirm the award. When no appeal was perfected, the trial court's award of attorney fees became final. We did not have authority to review the attorney fees issue as a part of our review of the judgment on the merits. Under ORS 19.029(1)(c), a party may appeal from a part of a judgment. An appeal from a judgment on the merits, followed by no appeal or a defective (and dismissed) appeal, as here, from a post-appeal award of attorney fees, is

an appeal from part of "the judgment," that is, the part of the judgment disposing of the case on the merits. The portion of the judgment not appealed from—the award of attorney fees—becomes final and a reversal on appeal of the remainder of the judgment does not affect the finality of the judgment for attorney fees. Accordingly, we modify the last sentence of note 4 of the opinion to read:

> "Because the Board's motion was filed more than 30 days after entry of the supplemental judgment, and we are without authority to extend the time set by statute within which to file an appeal, ORS 19.026(1); ORS 20.220, we are without jurisdiction to consider the issue. *Jansen v. Atiyeh,* 302 Or 314, 728 P2d 1382 (1986)."

In addition, the disposition is modified to delete the language affirming the award of attorney fees.

Reconsideration denied on respondents - cross-appellants' petition; on appellants - cross-respondents' petition, reconsideration granted, former opinion modified and adhered to as modified.