Argued and submitted April 20, 1987, reversed and remanded on appeal, affirmed on cross-appeal June 1, 1988

ALLEN,
*Appellant - Cross-Respondent,*

*v.*

PACIFIC HOSPITAL ASSOCIATION, INC.,
*Respondent - Cross-Appellant.*

(16-84-02257; CA A39565)

757 P2d 428

Robert A. Ford, Eugene, argued the cause and filed the briefs for appellant - cross-respondent.

Randall E. Thwing, Eugene, argued the cause for respondent - cross-appellant. With him on the briefs was Sidney E. Thwing, and Thwing and Thwing, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

In this action for breach of an insurance contract, plaintiff appeals and defendant cross-appeals plaintiff's judgment for $400, "together with * * * reasonable attorney fees and costs and disbursements in an amount to be assessed pursuant to ORCP 68." In effect, the judgment denied plaintiff coverage under the major medical provisions of defendant's policy for expenses that he incurred, more than 90 days after an accident, for treatment of injuries that he had suffered to his jaw and teeth. On the appeal, we reverse and remand for further proceedings not inconsistent with this opinion; on the cross-appeal, we affirm.

The court found these facts. Plaintiff, an attorney, was insured under defendant's group policy of medical, surgical and hospital insurance issued to the Lane County Bar Association. On July 10, 1983, he suffered an accidental injury to his jaw and natural teeth. The policy provides, as additional accidental benefits, up to $500 for

> "reasonable and medically necessary charges required for diagnosis or treatment of an injury to you or your family member. The treatment or service must be given within ninety (90) days after the injury occurs. The following covered services are subject to the amount of payment * * *:
>
> "* * * * *
>
> "Services of a dentist in the repair of a fractured jaw or natural teeth."

It also provides, as major medical benefits, "covered expenses not reimbursed under any other part of this Policy":

> "a.  'Covered Expense for Services of a Physician' means the reasonable charges, as determined by [insurer], for medically necessary diagnosis or treatment for sickness or injury of you or your family member.
>
>     "* * * * *
>
> "b.  'Other Covered Expense' means the reasonable and medically necessary charges as determined by [insurer], for any of the following listed services and supplies required for the sickness or injury of you or your family member and authorized by your physician:
>
>     "* * * * *
>
> "(10)  Services of a state-licensed dentist which are required for treatment of injury to the jaw or to

natural teeth and which are rendered within ninety (90) days after the day the injury occurred."

We shall refer to paragraph (10) as "the limitation."

Plaintiff incurred $18,351 for necessary medical and dental expenses for treatment of his injuries. Of the expenses incurred within 90 days of the injury, defendant paid $500 (the total coverage) as additional accidental benefits and approximately $5,000 as major medical benefits. It did not pay $400 for treatment by Dr. Butler, a dentist. Defendant rejected $12,432 of plaintiff's claim under the major medical section on the ground that the limitation barred the coverage, because a dentist provided the services more than 90 days after the injury.

Plaintiff pleaded that the limitation is contrary to public policy and void, makes his coverage illusory and nugatory and is ambiguous. He also alleged:

"XX

"As a direct result of the accidental injuries suffered by plaintiff on July 10, 1983, he was required to obtain maxillofacial prosthetic services for restoration and management of head and facial structures that could not be replaced with living tissue including placement of crowns, overlays and abutments on numerous of plaintiff's teeth. These services were considered necessary adjunctive treatment and were necessary for the control or elimination of infection, pain, or the restoring of facial configuration or function including speech, swallowing or chewing and were not rendered to improve on the normal range of condition.

"XXI

"The 90 day time limitation * * * as described above is contrary to ORS 743.119[1] in that it negates coverage for

---

[1] ORS 743.119 provides:

"(1) The Legislative Assembly declares that all group health insurance policies providing hospital, medical or surgical expense benefits include coverage for maxillofacial prosthetic services considered necessary for adjunctive treatment.

"(2) As used in this section, 'maxillofacial prosthetic services considered necessary for adjunctive treatment' means restoration and management of head and facial structures that cannot be replaced with living tissue and that are defective because of disease, trauma or birth and developmental deformities when

plaintiff's injuries as mandated by the legislature. Therefore, it is void.

"* * * * *

### "XXIII

"The 90 [day] time limitation * * * is overbroad in that it is capable of negating coverage for treatment or services which ORS 743.119 mandates must be covered. Therefore, it is void."

Defendant moved to strike paragraphs XXI and XXIII as "sham, frivolous, immaterial, and redundant." The court granted the motion.

The court, sitting without a jury, found:

"9. On or about January 16, 1984 a written claim for payment of $12,432.00 in dental expenses was made to defendant by or on behalf of plaintiff. That claim was made within a reasonable time after the expenses were incurred. That claim included the $400.00 for treatment rendered by Dr. W. E. Butler on the 7th or 8th of September, 1983.

"* * * * *

"11. The written claim submitted by and on behalf of plaintiff on or about January 16, 1984 discharged Plaintiff's duty to provide proof of loss.

"12. Defendant refused to pay any portion of the two claims submitted to it in January, 1984.

"13. Defendant did not furnish or demand any particular proof of loss forms.

"14. Defendant's usual policy was to make further inquiry of the provider if the proof of loss was ambiguous or incomplete.

---

such restoration and management are performed for the purpose of:

"(a) Controlling or eliminating infection;

"(b) Controlling or eliminating pain;

"(c) Restoring facial configuration or function such as speech, swallowing or chewing but not including cosmetic procedures rendered to improve on the normal range of conditions.

"(3) The coverage required by subsection (1) of this section may be made subject to provisions of the policy that apply to other benefits under the policy including, but not limited to, provisions relating to deductibles and coinsurance.

"(4) The services described in this section shall apply to individual health policies entered into or renewed on or after January 1, 1982."

"15.   Defendant failed to make inquiries and obtain additional information with respect to the nature and dates of treatment described in the written claim submitted to it on or about January 16, 1984."

It also found:

"16.   The repair and restoration of plaintiff's injured natural teeth, as well as the natural teeth of any person with the same or similar jaw injuries, within 90 days of the date of injury would be inconsistent with good medical and dental practice and would be injurious to the health of the patient.

"17.   The 90 day time limitation found in defendant's policy is a reasonable method to achieve cost containment while simplifying the issue of causation."

It concluded:

"4.   The dental coverage in defendant's policy is not illusory or nugatory.

"5.   The 90 day limitation is not contrary to public policy.

"6.   The 90 day limitation coupled with the other policy provisions creates no ambiguity.

"* * * * *

"8.   Plaintiff is to be awarded reasonable attorney fees pursuant to ORS 743.114."

The court denied plaintiff recovery for $12,070 incurred more than 90 days after the injury but gave him a judgment for the $400 expense incurred before that time and reasonable attorney fees and costs and disbursements to be assessed under ORCP 68. Plaintiff filed a notice of appeal on April 8, 1986. Defendant filed a notice of cross-appeal on April 23, 1986. On April 24, 1986, the court

"ORDERED that plaintiff recover his reasonable attorney fees in the sum of $8,692.50, together with plaintiff's costs and disbursements in the sum of $592.90.

"IT IS FURTHER ORDERED pursuant to ORCP 68C(4)(d) that this Order shall be entered as part of the judgment."

Neither party filed any notice, or amended notice, of appeal or of cross-appeal after April 24.

■       We first turn to the issues other than attorney fees.

Plaintiff assigns as error that the court struck paragraphs XXI and XXIII. He contends that the limitation is inconsistent with ORS 743.119 and is void. He argues that that statute requires that the policy cover maxillofacial prosthetic services and prohibits insurers from limiting that coverage just because a dentist, not a physician, provides the services. Defendant responds that the statute does not bar the limitation, because the limitation also applies to all coverage under the additional accidental benefit section.

The court erred when it struck paragraph XXI. ORS 743.119 requires that defendant's policy cover maxillofacial prosthetic services, except as coverage may be limited under ORS 743.119(3):

> "The coverage [for maxillofacial prosthetic services] required by subsection (1) of this section may be made subject to provisions of the policy that apply to other benefits under the policy including, but not limited to, provisions relating to deductibles and coinsurance."

There are *no* other benefits under the policy that are subject to a 90-day limitation on the basis that a dentist provides the services rather than a physician. If a physician, rather than a dentist, had provided the services, they would be covered and the limitation in the major medical section would not apply. Defendant points to the 90-day limitation in the additional accidental benefits section, but that limitation applies regardless of whether a dentist or a physician provides the services.[2]

We must construe the policy to put it in full compliance with the Insurance Code. ORS 743.069(2).[3] The limitation is contrary to ORS 743.119 if it is applied to eliminate major medical coverage for maxillofacial prosthetic services that a dentist provides more than 90 days after the injury. If

---

[2] During consideration of SB 292 (A-Engrossed, 1981), which became ORS 743.119, the testimony was that, although maxillofacial prosthetic services were already covered as a major medical expense under major medical policies, payment was often delayed, because a dentist and not a medical doctor had provided the treatment.

[3] ORS 743.069(2) provides:

> "Any insurance policy issued and otherwise valid which contains any condition, omission or provision not in compliance with the Insurance Code, shall not be thereby rendered invalid but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy been in full compliance with the insurance code."

plaintiff received such services, as he alleged, the limitation could not bar his recovery.[4] Accordingly, the court erred when it struck paragraph XXI. It did not err, however, when it struck paragraph XXIII, which is merely redundant of paragraph XXI and serves no pleading purpose.

■    We address plaintiff's other arguments because, if it is determined on retrial that he did not receive maxillofacial prosthetic services, the 90-day limitation, if valid, would apply. He argues that it is contrary to public policy, illusory and nugatory, because good medical and dental practice does not permit a dentist to complete treatment of the majority of jaw and teeth injuries within 90 days. The court held, however, that the limitation is a reasonable method to contain costs and simplify causation issues. We cannot say that the limitation is so unrelated to the predictable injuries and methods of treatment that the policy is designed to cover that it is void as against public policy, illusory or nugatory. *See Annot.,* 39 ALR 3d 1311 (1971). There is also no merit to the other arguments that plaintiff makes.

■    In its cross-appeal, defendant asserts that plaintiff did not make a sufficient proof of loss for the $400 that the judgment awarded plaintiff. It argues that it was justified in concluding from Dr. Butler's statement that plaintiff received the services more than 90 days after the accident. The statement did not give the date of the services, and the other services on the statement were rendered after the 90-day period. We agree with the trial court that the statement was a sufficient proof of loss. *See Sutton v. Fire Insurance Exch.,* 265 Or 322, 325, 509 P2d 418 (1973). Defendant, therefore, had the burden to make additional inquiries necessary to take action on the claim. *See Sutton v. Fire Insurance Exch., supra,* 265 Or at 325; Windt, *Insurance Claims and Disputes,* § 3.03 (1982). Evidence supports the court's finding that defendant failed to make necessary further inquiries to determine whether Butler had provided the services before the 90-day period had expired. *See Saga Enterprises, Inc. v. Coldwell, Banker & Co.,* 287 Or 169, 180, 598 P2d 285 (1979). On remand, plaintiff's

---

[4] After the court struck paragraphs XXI and XXIII, plaintiff did not plead, or offer to prove, that the services for which defendant denied coverage were maxillofacial prosthetic services, because that proof would then have been beyond the pleadings.

judgment for $400 shall not be disturbed, but the court shall determine if plaintiff also has additional coverage.

In his eighth assignment of error, plaintiff asserts that the court should not have limited his attorney fees to $8,692.50. Defendant responds that plaintiff is not entitled to any attorney fees. In its third assignment of error in its cross-appeal, defendant asserts that the court erred when it made conclusion of law 8, *supra.* In its fourth assignment, defendant asserts that the court erred when it entered the order of April 24, 1986, fixing the amount of attorney fees.

Because the parties filed no notice or amended notice of appeal or cross-appeal after the April 24 order, we have no jurisdiction to consider plaintiff's eighth assignment or defendant's fourth assignment. ORS 19.033(1); ORAP 2.07; *Jansen v. Atiyeh,* 302 Or 314, 728 P2d 1382 (1986); *Jansen v. Atiyeh,* 89 Or App 557, 749 P2d 1230, *rev den* 305 Or 576 (1988). We can consider defendant's third assignment, which challenges conclusion of law 8 regarding attorney fees. Defendant asserts that most of the attorney's time was devoted to theories of recovery on which plaintiff ultimately lost (for example, the public policy argument) and that his attorney spent almost no time on the claim for $400. Defendant also argues that it paid for all other services incurred within 90 days and that neither party understood the $400 bill to represent services incurred within 90 days after the injury until just before trial. Regardless of the insurer's good faith, ORS 743.114[5] requires an award of attorney fees if a plaintiff's recovery, as here, exceeds the amount of any tender to him. Accordingly, the court did not err in its conclusion that plaintiff should be awarded attorney fees pursuant to ORS 743.114.

On appeal, reversed and remanded for further proceedings not inconsistent with this opinion; on cross-appeal, affirmed.

---

[5] ORS 743.114 provides:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, *and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action,* a reasonable amount to be fixed by the court as attorney fees *shall* be taxed as part of the costs of the action and any appeal thereon." (Emphasis supplied.)