Argued and submitted February 10, reversed and remanded for further proceedings
April 5, 1989

JANSEN et al,
*Respondents,*

ARRIENS et al,
*Plaintiffs,*

*v.*

ATIYEH et al,
*Appellants.*

(138,808; CA A49572)

771 P2d 298

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert L. Ackerman, Springfield, argued the cause for respondents. With him on the brief was Ackerman, DeWenter & Huntsberger, P.C., Springfield.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendants appeal a judgment denying their ORCP 71 motion for relief from a supplemental judgment awarding plaintiffs attorney fees. The trial court concluded that our decision in *Jansen v. Atiyeh,* 89 Or App 557, 749 P2d 1230, *rev den* 305 Or 576 (1988) *(Jansen III),* compelled denial of that motion. We reverse and remand.

This case has been before us on three occasions. We restate the relevant procedural facts from the Supreme Court's opinion in *Jansen v. Atiyeh,* 302 Or 314, 316-17, 728 P2d 1382 (1986) *(Jansen I):*

"(1) The trial court entered its decree and injunction [in favor of plaintiffs] on January 3, 1986.

"(2) Defendant served its notice of appeal on January 31, 1986, within the 30-day period specified in ORS 19.026(1).

"* * * * *

"(4) The trial court entered a Supplemental Judgment allowing plaintiffs' costs, disbursements and attorney fees on April 11, 1986.

"(5) Defendant filed a motion for relief from default and an amended notice of appeal from the Supplemental Judgment awarding attorney fees on May 21, 1986, more than 30 days after the Supplemental Judgment was entered and well more than the 14 days within which such Amended Notice of Appeal is to be filed under ORAP 2.07.

"(6) The Court of Appeals denied defendant's motion for relief from default and to allow the filing of an amended notice of appeal on July 28, 1986, in an order that provided, in pertinent part:

" '[Defendants] have moved for relief from default and for an extension of time within which to file a (second) amended notice of appeal from the trial court's supplemental judgment awarding attorney fees. The motion is denied on the ground that the motion and the second amended notice of appeal tendered with it were filed more than 30 days after entry of the supplemental judgment, and the Court is without the authority to extend the time set by statute within which to file an appeal. ORS 20.220; ORS 19.026(1).' "

The Supreme Court affirmed our order and held that a notice

of appeal from a supplemental judgment, as from any judgment, must be served and filed within 30 days. *Jansen I, supra,* 302 at 320.

■ Defendants Oregon State Board of Higher Education and its members appealed the merits of the case. *See Jansen v. Atiyeh,* 87 Or App 617, 743 P2d 765 (1987), *rev den* 305 Or 576 (1988) *(Jansen II).* We reversed on the merits, affirmed plaintiffs' award of attorney fees and stated:

> "Because the Board's motion was filed more than 30 days after entry of the supplemental judgment, and we are without authority to extend the time set by statute within which to file an appeal, ORS 19.026(1); ORS 20.220, we are precluded from considering the issue, and to that extent the judgment must be affirmed. *Jansen v. Atiyeh,* 302 Or 314, 728 P2d 1382 (1986)." *Jansen II, supra,* 87 Or App at 619-20 n 4.

Thereafter, both parties petitioned for reconsideration of that decision. We allowed defendants' petition and held that we had improperly considered and, therefore, improperly affirmed the award of attorney fees, stating:

> "When no appeal was perfected, the trial court's award of attorney fees became final. We did not have authority to review the attorney fees issue as a part of our review of the judgment on the merits. Under ORS 19.029(1)(c), a party may appeal from a part of a judgment. An appeal from a judgment on the merits, followed by no appeal or a defective (and dismissed) appeal, as here, from a post-appeal award of attorney fees, is an appeal from part of 'the judgment,' that is, the part of the judgment disposing of the case on the merits. The portion of the judgment not appealed from—the award of attorney fees—becomes final and a reversal on appeal of the remainder of the judgment does not affect the finality of the judgment for attorney fees. Accordingly, we modify the last sentence of note 4 of the opinion to read:
>
>> " 'Because the Board's motion was filed more than 30 days after entry of the supplemental judgment, and we are without authority to extend the time set by statute within which to file an appeal, ORS 19.026(1); ORS 20.220, *we are without jurisdiction to consider the issue. Jansen v. Atiyeh,* 302 Or 314, 728 P2d 1382 (1986).'
>
> "In addition, the disposition is modified to delete the language affirming the award of attorney fees." *Jansen III, supra,* 89 Or App at 559-60. (Emphasis supplied.)

Defendants then filed a motion for relief from the supplemental judgment under ORCP 71B(1)(e), on the ground that the prior judgment on which the attorney fees judgment had been based had been reversed, and under ORCP 71C.[1] Although the trial court agreed with defendants that reversal of the judgment on the merits should have entitled them to relief from the attorney fees judgment, it denied their motion, because it concluded that our opinion in *Jansen III* required it to do so.

Defendants contend that ORCP 71B(1)(e) and C grant the trial court authority to relieve them from the supplemental judgment for attorney fees. Plaintiffs do not contest the fact that a party must prevail on the merits to recover attorney fees or that the judgment for attorney fees falls within the express terms of ORCP 71B(1)(e). Rather, they rely on *Vinson and Vinson,* 57 Or App 355, 361, 644 P2d 635, *rev den* 293 Or 456 (1982), for the proposition that relief under both ORCP 71B(1)(e) and C is conditioned on a showing that extraordinary circumstances prevented the appeal of the judgment for attorney fees.

The trial court erred in concluding that our decision in *Jansen III* prevented it from exercising its discretion under ORCP 71. We merely held that *we* did not have the authority to consider the attorney fees issue on appeal, because of defendants' failure to file a timely notice of appeal from the judgment awarding those fees. We have no authority to consider any judgment not brought before us by a timely appeal. We did not address the trial court's authority to grant relief from a judgment under ORCP 71. Therefore, we remand so that the trial court may exercise its discretion under that rule.

Because the issue may arise on remand, we address plaintiffs' contention that the rule in *Vinson and Vinson, supra,* applies to motions seeking relief under both ORCP 71B

---

[1] ORCP 71 provides, in relevant part:

"B.(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (e) * * * a prior judgment upon which it is based has been reversed or otherwise vacated * * *.

"C. This rule does not limit the inherent power of a court to modify a judgment within a reasonable time * * *."

and C. In *Vinson,* we held that the discretion and the inherent power of the trial court to relieve a party from a final judgment

> "may not be exercised as a substitute for an appeal, unless the appellant shows that extraordinary circumstances prevented his appeal. We hold that this rule applies to motions made under ORCP 71B and 71C to overcome the *res judicata* effect of a final judgment." 57 Or App at 361.

Our statement about ORCP 71B was *dictum,* because that subsection was not involved in *Vinson.* There was no prior judgment which had been set aside upon which the judgment in *Vinson* was based. The basis for the appeal in *Vinson* was that the judgment in *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981), had been reversed and that, therefore, *Vinson* was wrongly decided. ORCP 71B(1)(e) is not a ground for relief from a judgment where the "prior judgment" only provided precedent for the latter judgment. *See Lubben v. Selective Service System Local Bd. No. 27,* 453 F2d 645, 650 (1st Cir. 1972).

We now conclude that what we said in *Vinson* applies to a motion seeking relief under ORCP 71C, but not to a motion under subsection B(1)(e), when a party asserts that a prior judgment on which a subsequent judgment is dependent has been reversed.[2] *See Condliff v. Priest,* 82 Or App 115, 118, 727 P2d 175 (1986); *see also Lubben v. Selective Service System Local Bd. No. 27, supra,* 453 F2d at 650-51. Unlike subsection C, which codifies the general inherent power of a court to vacate its judgment, the portion of subsection B(1)(e) under scrutiny here is a special statutory circumstance justifying relief. *See Vinson and Vinson, supra,* 57 Or App at 359. Although extraordinary circumstances must be shown before the trial court can exercise its inherent discretion under subsection C, that condition is inapplicable to subsection B(1)(e), which appears to have been specifically designed to provide relief from an unappealed judgment for attorney fees.

The court in *Lubben v. Selective Service System Local*

---

[2] We do not address the applicability of the rule in *Vinson* to other subsections of ORCP 71B(1).

*Bd. No. 27, supra,* 453 F2d at 650, applied FRCP 60(b)(5)[3] and held that, for a decision to be "based on" a prior judgment within the meaning of that subsection, "the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." Here, the attorney fees were awarded on the authority of *Gilbert v. Hoisting & Port. Engrs.,* 237 Or 130, 142, 384 P2d 136, 390 P2d 320 (1963), *cert denied* 376 US 963 (1964), which requires, among other things, that a party must prevail in the underlying action to be entitled to fees. *See also Gettings v. City of Elgin,* 16 Or App 140, 142, 517 P2d 686 (1974). Therefore, prevailing on the merits of the case is a necessary element of plaintiffs' claim for attorney fees, and our reversal of that judgment would be a valid reason to deny plaintiffs attorney fees. The reversal of the primary judgment on which an award of attorney fees is dependent falls directly within the terms of ORCP 71B(1)(e).

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[3] FRCP 60(b) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed * * *."