Argued and submitted April 28, reversed and remanded June 14, 1989

BRYANT et al,
*Appellants,*

*v.*

CUNIFF et al,
*Respondents.*

(88-F-662141; CA A48921)

775 P2d 334

Richard L. Weil, Portland, argued the cause for appellants. On the brief were Gerald M. Chase and Chase & Weil, Portland.

Michael S. Fryar, Gresham, filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs appeal from a judgment based on a dismissal for failure to state a claim. We reverse.

Plaintiffs filed a forcible entry and detainer (FED) complaint, using a form provided by the Multnomah County District Court, which was based on the prototype for residential FED actions described in ORS 105.125(2). The complaint form includes a section for describing the termination notice served on the tenant. Plaintiffs did not give notice and did not fill out that section, which lists various types of notice, including "No notice." The caption of the complaint form names the action as "Forcible Entry and Unlawful Detainer," and the word "residential" is not used anywhere on the form.

Before trial, defendants moved to dismiss the complaint for failure to state a claim. They argued that plaintiffs' election to use the "residential FED complaint form" created the requirement of an allegation concerning notice. The trial court agreed, granted defendants' motion and denied plaintiffs' motion to amend the complaint.[1]

The question is whether the complaint, which does not contain any allegations about notice, is subject to dismissal for failure to state *any* claim. The basic FED action is defined in ORS 105.110. The elements of a complaint are listed in ORS 105.125(1)[2] and do not include notice. Specific types of FED actions requiring notice are listed in ORS 105.120 and include residential actions, and ORS 105.125(2) describes the form for a residential FED complaint.

Although the complaint form used by plaintiffs may have been designed for residential FEDs, it nowhere uses the

---

[1] Plaintiffs refiled and were successful in evicting the tenants. They pursue this appeal, because costs and attorney fees were awarded against them. Because they only challenge the dismissal, we only address that issue.

[2] ORS 105.125(1) states:

"In an action pursuant to ORS 105.110 it is sufficient to state in the complaint:

"(a) A description of the premises with convenient certainty;

"(b) That the defendant is in possession of the premises;

"(c) That the defendant entered upon the premises with force or unlawfully holds the premises with force; and

"(d) That the plaintiff is entitled to the possession of the premises."

word "residential" and is easily adapted to nonresidential FED use. In the case of a commercial FED, the places on the form relating to notice are surplusage. Plaintiff's failure to check any of them was not fatal. The complaint alleged all the necessary facts for a commercial FED, and it therefore stated a claim on its face. The complaint was not defective for lack of an allegation regarding notice.[3]

Reversed and remanded.

---

[3] On remand, plaintiff may apply for relief from the judgment for costs and attorney fees under ORCP 71B(1)(e). *See Jansen v. Atiyeh,* 96 Or App 54, 771 P2d 298 (1989).